OLIVIA L. HAYNOR, Respondent, v. EXCELSIOR SPRINGS LIGHT, POWER, HEAT AND WATER COMPANY, Appellant.

Kansas City Court of Appeals, March 2, 1908.

1. **EVIDENCE: Location of Well: Deeds: Parol.** Where the issue arises as to the location of a well in regard to the line between lots parol evidence is admissible to fix its site and not to contradict the descriptions contained in the title deeds.

2. **NUISANCES: Polluting Well: Pleading: Negligence.** Where the cause of action is against a gas company for polluting plaintiff's well by the percolations from a branch, the averment that defendant turned the injurious substances into the branch negligently, is immaterial, the gravamen of the action not being negligence but the establishment and maintenance of a nuisance.

3. ———: ———: ———: **Instruction.** The pleading alleged that the injurious substances were turned into a branch and thence percolated into plaintiff's well. The instruction omitted to direct the jury to find that the oil reached the well by way of the stream. *Held*, the error appears to have been harmless since the evidence afforded ground for no other reasonable inference than that the pollution of the well came from the percolation from the stream.

4. ———: ———: **Ownership: Instruction.** Instructions are condemned because they assume that plaintiff was the owner of the well, where as the evidence was conflicting as to the situation and consequent ownership thereof.

Appeal from Clay Circuit Court.—*Hon. Joshua W. Alexander,* Judge.

REVERSED AND REMANDED.

*Craven & Moore* for appellant.

(1) The court erred in giving plaintiff's instructions numbered one and five. Both these instructions assume that defendant was negligent and also that the well in question belonged to plaintiff, and direct a recovery without proof of either defendant's negligence or plaintiff's ownership of the well, two facts that it was essential for plaintiff to prove in order to make out her case. Both these instructions likewise permit a recovery on an entirely different cause of action from that stated in the petition, to-wit: That the oil percolated into plaintiff's well from the Dry Fork of Fishing river. Caffery v. C. C. & M. Co., 95 Mo. App. 179; McClure v. Feldman, 184 Mo. 722; Chitty v. Railway, 148 Mo. 64. (2) The court erred in giving plaintiff's instructions numbered two, three, five and six. Each of these instructions assume and tell the jury that the defendant's acts were negligent and wrongful, and that too, without any instruction in the case defining what acts would be negligent or wrongful under the circumstances. These instructions assume and tell the jury that the well in question was plaintiff's well when that was a contested issue. Instructions should not assume, as true, facts that are in issue in the case. Stone v. Hunt, 94 Mo. 475; Wilkerson v. Eilers, 114 Mo. 252.

*Richard I. Bruce* for respondent.

(1) The instructions were in a word with the facts in testimony, and do not assume that the well was the property of plaintiff, because that fact was one of the issues raised by defendant in its pleadings, and was a proper matter for the jury to determine. Kinnaird v. Standard Oil Co., 25 Am. St. 545, 89 Ky. 468. (2) The

sixth instruction of plaintiff was a mere statement of the well known principle of the law concerning the liability of defendant as a corporation, as not distinguished from the liability of a natural person, under the same statement of facts. Plaintiff's instruction numbered two, three and four and five were amply warranted by the testimony. Sherman v. Iron Works Co., 5 Allen (Mass.), 213; Brown v. Illins, 71 Am. Dec. 49; Gas Light Co. v. Graham, 28 Ill. 73, 81 Am. Dec. 263; Kinnaird v. Standard Oil Co., 25 Am. St. 545.

JOHNSON, J.—Action to recover damages alleged to have been caused by the tort of defendant in polluting the water in a well. Plaintiff had judgment in the sum of one hundred dollars and defendant appealed.

Plaintiff and defendant were adjoining proprietors in the city of Excelsior Springs. Plaintiff's residence was on her lot and defendant operated a gas manufacturing establishment on its property. It is alleged in the petition "that on said premises so owned by plaintiff was dug a well which had been in existence and use for many years prior to the erection of the plant of defendant . . . which said well contained excellent living water, never failing in capacity for all plaintiff's needs, mineral in its nature, and very wholesome, and which said well had been and was the sole dependence of plaintiff for her needs in that respect and for her family for many years." And that "defendant used coal or other substance which produced an oil or grease of dark, noisome and odorous nature; that said oil or grease was conveyed from said plant to the rear and toward the north from said plant and permitted by defendant to escape into and mingle with the waters and in the bed of the Dry Fork of Fishing river, a natural water course, with well defined channel and banks, which said water course skirts the northern boundaries of the premises of both the plaintiff and defend-

ant; that by reason of such mingling of said substance, oil or grease, with the said waters and in the bed of said stream for a long space of time, the said substance, oil or grease became mingled with the water in the aforesaid well situated on plaintiff's premises aforesaid; that defendant wholly disregarding the rights of plaintiff did so negligently and willfully permit said substance, oil or grease to flow into and mingle with the waters of said stream, and in the bed thereof, and thereby to enter into and mingle with the water of plaintiff's well, that the water of said well became greasy, oily, odorous and noisome, and utterly unfit for use by plaintiff; so that plaintiff was compelled, by reason of the negligence and wilful acts of defendant aforesaid to abandon said well and to cease to use the water of the same;" etc.    The answer contains a general denial and a special denial that the well mentioned in plaintiff's petition is located on the premises therein described or owned by plaintiff."

It appears from the evidence of plaintiff that the well in controversy was situated on her lot about one hundred feet from the bank of the stream and for many years had supplied plaintiff and her family with wholesome water sufficient for their needs and that defendant manufactured gas on the adjoining premises and in 1905 made some changes in the operation of its plant by which it turned into the stream large quantities of rank, oily refuse which was carried down stream past plaintiff's property and which, in time, reached the well by seepage and entirely and permanently destroyed its usefulness.    Defendant in its evidence did not deny that it used the stream to carry off the refuse of its plant. Its principal contention was that the well was not owned by plaintiff but was situated a few feet west of her lot.    On this issue the evidence was conflicting. Some years ago, plaintiff who then owned the land immediately west of her, conveyed it by warranty deed

wherein it was described as lot six (6), block one (1), Cravens' addition to Excelsior Springs. Witnesses for plaintiff testified that the well was a few feet east of the east line of said lot six, while those for defendant place it a few feet west of that line. The location of the well with respect to said line thus was made an issue of fact and the court properly permitted the parties to introduce oral evidence on that issue, on the theory that while such evidence could not be received for the purpose of contradicting the descriptions contained in the title deeds introduced in evidence, it was admissible for the purpose of showing the position of the well with reference to the boundary line defined in such deeds. This sufficiently disposes of the argument made by defendant that the court should have peremptorily directed a verdict in its favor on the ground that plaintiff had failed to sustain by proof her allegation that she was the owner of the well.

Defendant's principal assignments of error relate to instructions given by the court on behalf of plaintiff as follows:

"No. 1. The jury are instructed that if you find that the oil, grease or other substance from defendant's gas plant did soak into the ground, or did permeate and pass along and through the earth, and did mingle with the water of plaintiff's well, and did thereby render it nauseous to the taste and unfit for use, then you should render your verdict for plaintiff and assess her damages in any sum, not exceeding one thousand dollars.

"No. 2. The jury are instructed that the fact that other causes may have contributed to render the water of plaintiff's well impure and unfit for use is no bar to the recovery of damages in this action, if you find from the evidence that an injury to the water was caused by the negligent and unlawful act of defendant.

but said other causes can be shown only to affect the amount of damages.

"No. 3. The jury are instructed, that in making up your verdict, if you find for plaintiff, you will take into consideration the fact of the loss of the use of plaintiff's well, the quality of water secured to replace the same, the permanency of said new water supply, the cost of procuring and maintaining same, together with interest on the amount expended by plaintiff in procuring same. And you will also consider, in assessing the amount of damages, if you find for plaintiff, the depreciation in value of plaintiff's property, if any, by reason of loss of said well through the negligent act of defendant.

"No. 5. The jury are instructed that it is not necessary for the purposes of this case that plaintiff shall follow and trace the course of the oil, grease, or other noxious substance from defendant's gas plant to plaintiff's well, but if you believe from all the evidence that said oil, grease or other noxious substance, by reason of defendant's negligent and unlawful act, was permitted by defendant to escape and remain or flow in such manner that it did become mingled with and injure and destroy the water of plaintiff's well, then you should find your verdict for plaintiff."

The objections to instructions numbered 1 and 5 are that they assume defendant was negligent, that the plaintiff was the owner of the well, and that they enlarge the scope of the cause of action pleaded in the petition by permitting a recovery on the hypothesis that the oil entered plaintiff's well, not from the river, but by some other course, such as by percolation directly from the soil of defendant's land to that of plaintiff. The principal objection made to instructions numbered 2 and 3 is that they assume plaintiff owned the well when that fact was an issue presented by the pleadings and evidence. On behalf of defendant, the jury

were instructed on this issue that "the plaintiff having made a conveyance of lot six (6), block one (1), Craven's addition, if the well in question is on said lot six (6), block one (1), Craven's addition, she cannot recover."

We do not agree with defendant's view that the omission from the hypothesis of plaintiff's instructions 1 and 5 of the issue of defendant's negligence constitutes error. It is true, plaintiff alleges in her petition that defendant negligently turned the injurious substance into the watercourse but that averment was immaterial to her cause of action and should be regarded as surplusage. The gravamen of the action is not negligence but the establishment and maintenance of a nuisance. Defendant, as the owner of the dominant estate, had the right to use the stream flowing by his land to that of the servient proprietor in such a manner as not to interfere with its use by the servient owner (Schumacher v. Shawhan, 93 Mo. App. 573), but it had no right to pollute the stream and thereby work an injury to its lower neighbors. The manner in which it threw the refuse into the stream could not possibly be of any consequence. Plaintiff's cause of action arose from the fact that defendant used the watercourse as a sewer and that she sustained an injury to her property rights in consequence thereof. [Sherman v. Iron Works Co., 5 Allen (Mass.) 213; Ottawa Gas Light Co. v. Graham, 28 Ill. 73; Kinnaird v. Standard Oil Co., 89 Ky. 468, 12 S. W. 937.] In Casey v. Bridge Co., 114 Mo. App. 1. c. 61, we said: "There is a marked distinction, though sometimes ignored, between causes of action based upon nuisance and those grounded in negligence. [1 Thompson on Negligence, sec. 1188; Dickinson v. New York, 28 Hun 1. c. 256; Benjamin v. Railway, 133 Mo. 274.] In the former class the fact of negligence is not an essential element for the reason that a thing is a nuisance when of itself it constitutes an unlawful an-

noyance or a source of danger to others, and the author of it or the one who maintains it is held liable regardless of the degree of care exercised by him. His liability is of the character of an insurer." This assignment must be ruled against the contention of defendant.

Nor do we find prejudicial error in the omission from the instructions of a direction to find that the oil reached the well by way of the stream. It is true the petition alleges that such was the course of transmission and we concede that where a plaintiff specifically alleges in his petition a given state of facts as constitutive of his cause of action, he must recover on such state of facts and no other. But we cannot perceive how the error in question could have been harmful since there were no facts in evidence from which any other inference reasonably might be drawn than that the pollution of the well, if caused by the percolation of oil from defendant's premises, occurred in the manner described in the petition.

But manifest error was committed in the assumption in all of the instructions given on behalf of plaintiff that she was the owner of the well. That was one of the important issues for the jury to solve and the court should have refrained from telling the jury as it did, in effect, that plaintiff had established conclusively the fact of her ownership. It is too well settled for argument that instructions should not assume as true facts which are an issue in the case. [Wilkerson v. Eilers, 114 Mo. l. c. 252; Stone v. Hunt, 94 Mo. 475.] The error was prejudicial and was not cured by the instruction given for defendant in which the issue was submitted. Since that instruction cannot be harmonized with those given at the instance of plaintiff, we must presume the jury disregarded it. For this error, the judgment is reversed and the cause remanded. All concur.