Dwayne H. REBEL, Appellant,

v.

BIG TARKIO DRAINAGE DISTRICT OF HOLT CITY, Missouri, Emit Haer, Ivan Ohlensehlen, Bryan H. Hinkle, R. C. "Dick" Yount and Edwin Wright, Supervisors of Said District, Respondents.

No. WD 30855.

Missouri Court of Appeals, Western District.

July 8, 1980.

Ronald M. Sokol, Kranitz & Kranitz, St. Joseph, for appellant.

R. A. Brown, Jr., Larry E. Scott, Brown, Douglas & Brown, St. Joseph, Walter L. Mulvania, Rock Port, for respondents.

Before TURNAGE, P. J., and SHANGLER and MANFORD, JJ.

SHANGLER, Presiding Judge.

The plaintiff landowner sued the Big Tarkio Drainage District for money damages and injunctive relief. The count for damages alleged that the negligent failure of the District to maintain the ditch levy caused the canal water to flood and erode the land owned by plaintiff. The count for injunction was to compel the District to return the water to the constructed channel and to restore the land to the condition before encroachment. The defendant asserted the bar of limitations to the petition and moved dismissal of the action. The court sustained the motion, and the plaintiff appeals the judgment.

The memorandum of judgment rested decision on the premise that the petition was for a permanent nuisance with all damage fully accrued and so was precluded by the bar of limitations under §§ 516.100 and 516.120, RSMo 1978. That judgment necessarily rejected the pleading as a cause of action for temporary nuisance, abatable and separately accrued by each new incursion.

A motion to dismiss concedes the truth of all facts well pleaded. *Higday v. Nickolaus*, 469 S.W.2d 859, 864[10] (Mo.App. 1971). Where the allegations, taken at broadest intendment, invoke principles for substantive law which entitle the pleader to relief, the petition stands as a valid statement of claim. *Pollard v. Swenson*, 411 S.W.2d 837, 840[4] (Mo.App.1967). Where the allegations plead alternative relief, the sufficiency of one statement as a valid claim for relief remains unaffected by the insufficiency of the other. *White v. Mulvania*, 575 S.W.2d 184, 188[5] (Mo.banc 1979).

The petition of the plaintiff Rebel avers: that the defendant, a Drainage District corporation under Chapter 242, RSMo 1978, constructed a levy in year 1935 upon a right of way acquired by deed across described real property owned by the plaintiff. That since year 1967 the defendant District has neglected to maintain the south side of the levy, and that the neglect continues until the present with the result that the waters, otherwise contained by the levy, invade, flood and erode the land of the plaintiff. That the plaintiff complained repeatedly to

the defendant of the acts and omissions, but without heed. The plaintiff pleads damages for the erosion of the topsoil, the loss of use of ten acres of the land and other injury done by the invasion of the water and by the formation of an unnatural channel across the land by the diverted water. That the failure to maintain the levy has been intentional and reckless, as well as negligent, as to entitle the plaintiff to punitive damages.

The separate count for injunction pleads that the failure to maintain the levy has resulted in formation of an unnatural channel across the land of the plaintiff whereby acres of topsoil have been lost and the land made useless for crops. That the defendant District owes duty under Chapter 242 to maintain the levy in sound condition, and that the neglect of duty leaves the plaintiff without adequate remedy at law. That count prays the court for mandatory injunction that the defendant District rebuild and repair the levy embankment to return the water to the dedicated channel and that the District restore the land to the condition before the encroachment by the defendant.

█ The answer denied the allegations of the petition except to admit that the defendant was a Drainage District corporation under the provisions of Chapter 242, and moved the dismissal on the ground that the "claims and causes of action prayed for in plaintiff's petition are barred by *the appropriate statute of limitations.*" [emphasis added] The order of dismissal found, simply: "the petition is barred by the statute of limitations, §§ 516.100 and 516.120."[1] A plea of limitations, however, is an affirmative defense. Rule 55.08. A party who seeks the effect of the statute of limitations must plead the particular provision invoked for the defense. *Modine Manufacturing*

*Company v. Carlock*, 510 S.W.2d 462, 466[2, 3] (Mo.1974). The requirement follows from the burden the law assigns to a defendant to prove a special affirmative plea. *Crain v. Webster Electric Cooperative*, 568 S.W.2d 781, 792[12] (Mo.App.1978). The judgment of dismissal, therefore, was not responsive to an issue of pleading, but only gratuitous. We owe no further response to the judgment. We rule, nevertheless, whether limitations bar the petition because on remand the discretion of the trial court may yet allow the defendant to amend the plea, and because the premise of the judgment—that, as a matter of law, the damages count of the petition pleads a permanent nuisance to the exclusion of any other remedy—is palpably erroneous.[2]

█ A statement of facts [as pleaded by the plaintiff] of flood damage to land from a levy embankment on the land of another asserts alternative causes of action for negligence, trespass, nuisance and—where, as here, the offending owner enjoys the power of eminent domain[3]—an informal condemnation. *Hawkins v. Burlington Northern, Inc.*, 514 S.W.2d 593, 599[2] (Mo.banc 1974); *Corrington v. Kalicak*, 319 S.W.2d 888, 892[4–7] (Mo.App.1959); *Lewis v. City of Springfield*, 142 Mo.App. 84, 125 S.W. 824, 826 (1910). The period of limitations which bars a personal action depends upon when the cause accrues [§ 516.100] and the nature of the action [§§ 516.120 through 516.370]. The litigants agree that the allegations of the petition encompass a private nuisance. The defendant District argues that the cause of action describes a permanent nuisance, a direct injury to the land fully accrued, and since barred by the five-year limitations for an action for trespass on real estate [§ 516.120]. The plaintiff Rebel contends that the cause of action rests on neg-

---

1. Section 516.100 defines when a cause of action accrues for the purpose of limitations. Section 516.120 defines which actions must be brought within five years, among them: "(3) An action for trespass on real estate." We assume that the court adopted the postulate of the argument submitted by the District on the motion to dismiss that the limitations for an action of trespass governed the petition.

2. The judgment also dismissed the count for mandatory injunction as barred by limitations on the premise—we assume—that equity follows the law on limitations. That aspect of judgment was erroneous also, but for additional reasons.

3. Section 242.190, RSMo 1978.

ligence and describes a temporary nuisance, so that each recurrent injury creates a successive cause of action recoverable within the period of limitations after each accrual. The litigants do not contend over the statute of limitations for a private nuisance. They accede that § 516.120 for trespass to real estate governs. The distinctive affinity of nuisance with trespass as forms of action and the versatility of nuisance as a cumulative remedy, nevertheless, bear on the accrual of damage from nuisance [and hence the question of limitations] and the sufficiency of the petition as an alternative pleading for trespass and negligence as well as nuisance.

An action for private nuisance rests on tort liability. *Merrill v. City of St. Louis*, 83 Mo. 244, 255 (1884); Restatement of Torts § 822 (1939). The gist of action is the unreasonable interference with the use and enjoyment of land. *Clark v. City of Springfield*, 241 S.W.2d 100, 106 (Mo.App. 1951).[4] Nuisance [originally an adjunct of the criminal law] derives from the early rule of tort liability, and so described an effect rather than a cause. *White v. Smith*, 440 S.W.2d 497, 502[6–8] (Mo.App.1969); Joyce, Law of Nuisances § 17 (1906). Thus, the conduct antecedent to the invasion of the use and enjoyment of land—whether negligent or intentional—was not relevant to remedy. That ancient basis for liability has since given way to interferences as are intentional, negligent, reckless or abnormally dangerous. Prosser, Handbook of the Law of Torts § 87 (4th ed. 1971). The contemporary view of liability is given in MAI 22.06: Verdict Directing—Private Nuisance, which adopts the Restatement of Torts § 822 (1939) basis for liability.[5] The petition of the plaintiff alleges both a neglectful and intentional refusal of the District to maintain the south face of the canal to retain the waters from flood and damage to the land, and so states a cause of action for private nuisance under our practice. A plea of nuisance does not preclude other

**4.** Any interest sufficient as a property right in the land will support the action. *Fuchs v. Curran Carbonizing & Engineering Co.*, 279 S.W.2d 211, 216[2] (Mo.App.1955). The defendant does not contend the petition lacks any essential statement for private nuisance, but only that the damage has fully accrued and was since barred by limitations § 516.120.

**5.** "The actor is liable in an action for damages for a nontrespassory invasion on another's interest in the private use and enjoyment of land if,
(d) the invasion is either
(i) intentional and unreasonable; or
(ii) unintentional and otherwise actionable under the rules governing liability for negligent, reckless or ultrahazardous conduct."
There remains a body of decisions, apparently unreconciled to the Committee Comment to MAI 22.06 [which explains the model instruction in terms of the Restatement definition of principle]. Those cases employ the test of strict liability to the nuisance recovery. *White v. Smith*, supra, l. c. 502[6–8]; *Haynor v. Excelsior Springs Light, Power, Heat & Water Co.*, 129 Mo.App. 691, 108 S.W. 580, 582 (1908). See also: Comment, *The Law of Private Nuisance in Missouri*, 44 Mo.L.Rev. 20, 51 (1979); Comment, *The Rylands v. Fletcher Doctrine and Its Standing In Missouri*, 18 Mo.L. Rev. 53 (1953). That apparent contradiction does not affect our discussion or the validity of the petition as a statement for private nuisance since the plaintiff pleads both the negligent and intentional conduct of the District by failure to maintain the south side of the ditch as the cause of damage. Parenthetically, model verdict director for private nuisance MAI 22.06 was promulgated September 1, 1969. The Restatement of Torts § 822 (1939) which, according to the Committee Comments, informs MAI 22.06, by then had been superseded by Restatement of Torts (Second) § 822 (1963). The latter version of private nuisance § 822, among other modifications, enlarges the private remedy from "nontrespassory invasion on another's interest in the private use and enjoyment of land" to any conduct which is "a legal cause" of the invasion. The enlarged basis for liability seems to discard altogether the distinction between direct and indirect invasion of interest in real estate—that is, between trespass and nuisance as an aspect of trespass on the case—as basis for liability. Our decisions have broken earlier through those early narrow forms of action. *Webb v. Union Electric Co. of Missouri*, 223 S.W.2d 13 (Mo.App.1949); *Kennedy v. Union Electric Co.*, 203 S.W.2d 489 (Mo.App. 1947); *Corrington v. Kalicak*, supra, l. c. 892[4–7]; Comment, *Liability of Dam Owner for Flooding Caused by Sedimentation*: *Effect of Statute of Limitations*, 15 Mo.L.Rev. 166 (1950); Prosser, Handbook on the Law of Torts § 89, pp. 594 et seq. (4th ed. 1971); Dobbs, Handbook on the Law of Remedies § 5.3 (1973).

cumulative remedy. The nature of nuisance as an effect of conduct "otherwise actionable" [Restatement of Torts § 822(d)(ii) (1939)] allows the pleader to pursue, and ultimately elect, among alternative remedies. *Hawkins v. Burlington Northern, Inc.*, supra, 599[2]; Dobbs, Handbook on the Law of Remedies, p. 334 (1973); Prosser, Handbook of the Law of Torts § 89 (4th ed. 1971). The facts of the petition, taken most favorably to the pleader, state causes of action for trespass, negligence and even for an informal condemnation—as well as for a private nuisance. *Corrington v. Kalicak*, supra, l. c. 892[4–7]; *Ferguson v. Union Electric Co. of Mo.*, 282 S.W.2d 505, 511[5, 6] (Mo.1955); *Bohannon v. Camden Bend Drainage Dist.*, 208 S.W.2d 794, 801 [10–13] (Mo.App.1948); Rule 55.10. The judgment of dismissal treats the petition as a claim for private nuisance only, and errs for that reason.

The contentions on appeal focus, rather, on the source of the damage the petition pleads. The plaintiff contends the facts allege a temporary source of damage, subject to abatement, and so actionable for each invasion of interest, injury by injury. The defendant contends that the facts allege a permanent source of damage, an injury in legal contemplation fully accrued for all present and prospective invasion of interest, and so actionable only once—when the invasion began or was manifest. Thus, determination of a nuisance as permanent or temporary bears both on the assessment of damages as well as on limitations. The subject of appeal, then, is whether the petition pleads a temporary or a permanent nuisance and the effect of the limitation of action as to each.

The period of limitations runs immediately upon the creation of a permanent nuisance and bars all claims of damage, present and future, after the lapse of the statutory period. *Spain v. City of Cape Girardeau*, 484 S.W.2d 498, 503[3] (Mo.App. 1972). The rule rests on the reason that the inherent nature of the source of damage assures that the injury will continue indefinitely. The single tortious act of nuisance, therefore, gives rise to one permanent injury for which one recovery lies. *Shelley v. Ozark Pipe Line Corporation*, 327 Mo. 238, 37 S.W.2d 518, 519[1] (1931); *Hayes v. St. Louis & S. F. R. Co.*, 177 Mo.App. 201, 162 S.W. 266, 269 (1914); Dobbs, Handbook on the Law of Remedies § 5.4 (1973). Where the source of injury is a permanent structure, the injury accrues at completion of installation or when the effect of injury becomes manifest, and the action for recovery must be brought within the period of limitations thereafter. *Bunten v. Chicago, R. I. & P. Ry. Co.*, 50 Mo.App. 414, 422 (1892). The effect of an adjudication of permanent nuisance is to declare to the tort-feasor an unabated right to continue the trespass. *Spain v. City of Cape Girardeau*, supra, l. c. 505; Dobbs, Handbook on the Law of Remedies § 5.4, p. 341 (1973). Thus, a permanent nuisance no less than an exercise of eminent domain destroys the estate or beneficial use in the land and entitles the owner to the same measure of compensation: the depreciation in the market value of the land damaged. *McReynolds v. Kansas City, C. & S. Ry.*, 110 Mo. 484, 19 S.W. 824 (1892); *Stewart v. City of Marshfield*, 431 S.W.2d 819, 822[1, 2] (Mo. App.1968).

The period of limitations as to a temporary nuisance, however, runs anew from the accrual of injury from every successive invasion of interest. The recovery is for the damage actually sustained to the commencement of suit, but not for prospective injury. *Hayes v. St. Louis & S. F. R. Co.*, supra, l. c. 162 S.W. 268. That is because a temporary nuisance may be abated at any time by a reasonable effort or by an order of the court; but if not, then gives rise to a successive action for the continuance of damage. *Pinney v. Berry*, 61 Mo. 359, 367 (1875); Prosser, Handbook on the Law of Torts § 89, p. 599 (4th ed. 1971). The right to a successive action for the continuance of a nuisance rests on the principle that the tort-feasor [*Shelley v. Ozark Pipe Line Corp.*, supra, l. c. 37 S.W.2d 521[9]]

" 'is under legal obligation to remove, change, or repair the structure or thing complained of, and thereby terminate the injury to his neighbor; and, failing so to do, each day's continuance of the nuisance is a repetition of the original wrong, and a new action will lie therefor.' "

The law assumes that a temporary nuisance will abate—if not by voluntary act of the tort-feasor then by judicial agency—and so confines recovery to injury already accrued. Thus, the measure of damages from a temporary nuisance is the depreciation of the rental or use value of the land during continuance of injury, as well as any special costs.[6]

The defendant contends [and the judgment determines] that the petition pleads injury from a permanent structure—a drainage ditch—as a matter of law, a permanent nuisance, which gave rise to a single cause of action when constructed in year 1935 or no later than year 1967 when the damage became manifest, and so pleads a recovery long since barred by "the appropriate statute of limitations." It is the character of the source of injury rather than the character of the injury which determines between a temporary or permanent nuisance. *Hayes v. St. Louis & S. F. R. Co.*, supra, l. c. 162 S.W. 268. That injury results from a permanent construction, however, does not conclusively define the source as a permanent nuisance. Rather, [*Bunten v. Chicago, R. I. & P. Ry. Co.*, supra, l. c. 422]

> where the nuisance consists of *a work or erection, which is permanent in its character, and* which is *necessarily injurious*, the whole injury arises generally upon the completion of the work, the entire damage, present and prospective, accrues at once, and is the subject of a single action which must be brought within the period of limitation from the erection of the nuisance. [emphasis added]

*Webb v. Union Electric Co. of Missouri*, supra, l. c. 20[2, 3].

The judgment to dismiss entered on the petition rests exactly on the authority of *Powers v. St. Louis I. M. & S. Ry. Co.*, 158 Mo. 87, 57 S.W. 1090 (1900). In that case, the defendant railroad constructed a permanent embankment across a channel of a river so as to direct the water into a new channel along the right of way. The new channel emptied at a right angle into the old channel. The discharge of the water at that jointure caused an abrasion of the bank and eventual floods on the land of the plaintiff. The suit was on the theory of a temporary nuisance on allegations that the embankment across the channel was constructed carelessly and was thereafter maintained carelessly. The court determined *after evidence* that the defective construction of the embankment at the juncture with the old channel rendered certain as a scientific matter that erosion—always evident—would result in eventual floods. The decision rejected the claim of separable, successive injury from the erosion by the rationale of *Bunten v. Chicago, R. I. & P. Ry. Co.*, supra, l. c. 422—that a construction permanent in character which is necessarily injurious as installed creates a permanent nuisance from which the entire damage accrues upon completion of the construction, recoverable by a single action within the period of limitations. In the circumstances of an erosion evident to the predecessor-owners and then to the plaintiffs over twenty-seven years, the court determined that the contention of negligent maintenance was merely duplicitous of the negligent construction because the damage would have resulted from the inherent construction whatever the precaution of maintenance. The recovery was for a permanent nuisance by a single action within the period of limitations, which had lapsed years before. The judgment mistakenly applies the analogy of the facts and the ra-

---

**6.** The petition pleads the measure of damages from a temporary nuisance: for loss of crops and a barn, for restoration of the land to the condition before the diversion of the water—all as consequences of the neglect to maintain the levy. *Shelley v. Ozark Pipe Line Corp.*, supra, l. c. 37 S.W.2d 521[9]; *McReynolds v. Kansas City, C. & S. Ry. Co.*, supra, l. c. 19 S.W. 825; Dobbs, Handbook on the Law of Remedies § 333 (1973).

tionale of decision in *Powers* to dismiss the petition.

■ The petition does not, however, plead injury from the *construction* of the drainage ditch in year 1935, but from *neglect* by the District from year 1967 and continuously "*to maintain [the] levy* on the south side" so as to cause the waters, otherwise contained, to invade and damage the land of ,the plaintiff. Where the inherent character of a structure in usual operation does not cause injury, but becomes harmful through negligence, the cause of injury can be abated, and the source of injury is a temporary nuisance. *Shelley v. Ozark Pipe Line Corporation*, supra, l. c. 37 S.W.2d 519[1]; *Spain v. City of Cape Girardeau*, supra, l. c. 504; Prosser, Handbook on the Law of Torts § 89, p. 599 (4th ed. 1971).

■ The petition pleads a construction made harmful by the neglect of the defendant District from year 1967 and thereafter to maintain the south face of the levy so as to allow the contained waters to invade and flood the land of the plaintiff. The petition gives no intimation that the original construction in year 1935 as installed was faulty or necessarily injurious to the plaintiff. The allegations, at best intendment, plead a source of injury created by the defendant, which the defendant has a duty to abate, and which can be abated by an available technology at a reasonable expense. *Flanigan v. City of Springfield*, 360 S.W.2d 700, 703 (Mo.1962). In sum, the petition pleads a temporary private nuisance, recurrent since year 1967, and subject to redress as each injury accrues. Were the allegations doubtful even, as between a pleaded cause of action for a permanent nuisance or a temporary nuisance, a court would favor the right to successive actions for injury anew and treat the nuisance as temporary. *Shelley v. Ozark Pipe Line Corporation*, supra, l. c. 37 S.W.2d 521[8]. That is because adjudication of a permanent nuisance amounts to a grant of easement to the wrongdoer to continue to

interfere with the land of plaintiff. Dobbs, Handbook on the Law of Remedies § 5.4, p. 341 (1973). The judgment to dismiss the petition effectively accords the defendant a continuous right to the land of the plaintiff even without evidence and solely on the determination that, as a matter of law, the allegations plead a permanent nuisance since barred by the statute of limitations. The effect of a pleading as a cause of action for nuisance is a question of law. *Pearson v. Kansas City*, 331 Mo. 885, 55 S.W.2d 485, 489[4–6] (1932). We determine that the petition alleges, among alternative causes, an action for a temporary nuisance, severable as to each accrued injury, for which the plaintiff has redress within the period of limitations after each accrual. *Hayes v. St. Louis & S. F. R. Co.*, supra, l. c. 162 S.W. 268.[7]

■ The judgment dismisses on the ground of limitations of actions as to both counts of the petition: for damages and for mandatory injunction to compel the District to perform the duty under § 242.320 to maintain the levy, and to restore the land of the plaintiff to original condition. The memorandum of decision expresses as the ground for dismissal that the allegations, as a matter of law, plead a permanent nuisance since barred by the five-year limitation of § 516.120. The memorandum gives no reason for the dismissal of the injunction count. As noted, the legal effect of the rationale of judgment—that the petition pleads a permanent nuisance barred by limitations—is to appropriate to the defendant District a permanent right to interfere with the land of the plaintiff to the extent accrued by practice. The plaintiff has no interest to enjoin a right already vested in the defendant. The premises of judgment as to both counts, therefore, are cognate and the reversal of dismissal as to the damages count requires reversal of dismissal as to the injunction count.

■ The determination of the use of the levy land by the District, whether reasona-

7. The statute of limitations for an abatable nuisance is that prescribed for the acquisition of title to land—or ten years. § 516.010, RSMo 1978; *City of Fredericktown v. Osborn*, 429 S.W.2d 17, 24[9–13] (Mo.App.1968); *Skinner v.* *City of Slater*, 159 Mo.App. 589, 141 S.W. 733, 734[1] (1911). The statute of limitations for a permanent nuisance—by the application of § 516.120, RSMo 1978—is five years.

ble or unreasonable as to the plaintiff and whether a temporary nuisance or a permanent nuisance, will be determined by evidence on remand. The question of injunction also rests with evidence, but also with an evaluation by a court of equity as to the public interest served by grant or denial of the injunction remedy. In summary, the evaluation entails a utility versus gravity of harm balance, both to the substantive question of nuisance and to the remedy by injunction. The factors are by no means exclusive, but relate to the relative hardships of the parties, the equities between them, the interests of the public, the nature of the injury, all within the circumstances of the particular activity. *Lee v. Rolla Speedway, Inc.*, 494 S.W.2d 349, 355[2] (Mo.1973); *Fuchs v. Curran Carbonizing and Engineering Co.*, supra, l. c. 218[7–13]; Restatement of Torts § 827 (1939); Dobbs, Handbook on the Law of Remedies § 5.7 (1973); Comment, The Law of Private Nuisance in Missouri, 44 Mo.L.Rev. 20, 40 (1979).

The judgment of dismissal is reversed and remanded with direction that the petition of the plaintiff be reinstated.

All concur.