Carl and Anita SCHWARTZ,
Plaintiffs-Appellants,

v.

Mrs. Ray G. MILLS and Mrs. Clark
Hungerford,
Defendants-Respondents.

No. 48536.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 13, 1985.

Gray Carroll Stribling, St. Louis, for plaintiffs-appellants.

Daniel E. Wilke, Clayton, for Mrs. Ray G. Mills.

Gary Edward Snodgrass, Richmond Heights, for Mrs. Clark Hungerford.

KAROHL, Judge.

Plaintiffs appeal summary judgment for defendants granted on the ground that the relief plaintiffs seek is barred by the applicable statute of limitations.

The plaintiffs, property owners, brought suit against defendant Mills, abutting property owner west of plaintiffs, and defendant Hungerford, adjacent property owner, west of Mills, for actual and punitive damages and injunctive relief. In Count I plaintiffs allege that defendants "negligently and carelessly maintained their residential property in that, *inter alia*, they have caused or permitted a manhole and 'homemade' drainage pipe (containing several holes thereon) to be situated on and beneath their residential property and through which large quantities of water have been and are currently being discharged onto Plaintiffs' residential property." Count II alleges that defendants have used their residential property in an unreasonable manner causing an accumulation and collection of water to be discharged upon plaintiffs' property. Count III alleges that the acts of defendants as alleged in Counts I and II were willful, malicious, knowing and intentional. Count IV alleges that the acts referred to in Count II are continuing, recurring, willful, knowing, malicious and intentional and that defendants have refused to take measures to cure. Plaintiffs pray for damages in Counts I and II, punitive damages in Count III and an injunction in Count IV. The facts pleaded by the plaintiffs suggest several theories of liability for the damages plaintiffs claim to have suffered: (1) an action based on negligence; (2) an action based upon temporary private nuisance; and, (3) an action based upon continuing trespass.

Defendants' motions for summary judgment were based upon the legal defense that plaintiffs' claims are barred by the statute of limitations. § 516.120 RSMo 1978. The motions were supported by affidavits, depositions and admissions. The court sustained the motions citing *Lato v. Concord Homes, Inc.*, 659 S.W.2d 593 (Mo. App.1983), and plaintiffs appeal that judgment.

Our review of a summary judgment is equivalent to review of a court-tried proceeding to determine whether defendant is entitled to judgment as a matter of law. *Rue v. Helmkampf*, 657 S.W.2d

76, 80 (Mo.App.1983). On review of a grant of a motion for summary judgment upon the ground that plaintiffs' action is barred by the statute of limitations the party against whom judgment was entered must be accorded every favorable intendment of the record. *Thompson v. Parker*, 608 S.W.2d 415, 416 (Mo. banc 1980).

Plaintiffs contend that summary judgment is inappropriate since its claim is for continuing trespass and temporary nuisance which is not barred by the statute of limitations. Plaintiffs contend that *Lato* is not applicable because in that case property owners brought suit against a contractor for breach of express warranty of workmanship, negligent design, breach of implied warranty of availability and violation of plaintiff's right to peaceful enjoyment. The court applied § 516.120 RSMo 1978, a five-year statute of limitations after finding "there was but single wrongful act— the delivery of the property with a defective sewer line." *Lato*, 659 S.W.2d at 595. Plaintiffs' position here is that they have alleged a cause of action for continuous and repeated wrongful acts consisting of the negligent and careless maintenance and unreasonable use of defendants' properties.

It is defendants' position that the petition alleges a cause of action for wrongful acts which occurred during or prior to 1964 and that defendants had done nothing thereafter to change or alter the condition. They conclude that there is no dispute as to these facts, that § 516.120 RSMo 1978, a five-year statute of limitations is applicable and that plaintiffs' causes of action are barred.

The true dispute between the parties is one of the nature and character of plaintiffs' cause of action. The question raised is whether as a matter of law the record supports a finding of a permanent or a temporary private nuisance, a trespass resulting from a permanent structure which by its nature necessarily causes ongoing damage or present acts (or failure to act) causing recurring damage and the effect of the statute of limitations as to each.

We review relevant legal principles. "The rule is well settled in Missouri that the character of a cause of action is determined from the facts stated in the petition and not by the prayer or name given the action by the pleader." *State v. Consolidated School District No. 4 of Iron County*, 417 S.W.2d 657, 659 (Mo. banc 1967). Where the allegations are doubtful as between the pleaded cause of action for a permanent nuisance or a temporary nuisance a court would favor the right to successive actions for injury anew and treat the nuisance as temporary. Otherwise, the effect would be to give the defendant, because of his wrongful act, the right to continue the wrong; a right equivalent to an easement. *Shelley v. Ozark Pipeline Corporation*, 327 Mo. 238, 37 S.W.2d 518, 521 (1931). The question as to what constitutes a nuisance is one of law. *Pearson v. Kansas City*, 331 Mo. 885, 55 S.W.2d 485, 489 (1932).

The period of limitation which bars a personal action depends upon when the cause accrues, § 516.100, and the nature of the action, §§ 516.120–516.370. An action for private nuisance rests on tort liability and is based upon an unreasonable interference with the use and enjoyment of land. Nuisance derives from the early rule of tort liability and so describes an effect rather than a cause. *White v. Smith*, 440 S.W.2d 497, 502–503 (Mo.App.1969). Liability in an action for nuisance may be based upon either negligent or intentional invasion of another's interest in the private use and enjoyment of land. *Rebel v. Big Tarkio Drainage District of Holt City*, 602 S.W.2d 787 (Mo.App.1980).

Applying these principles we find that plaintiffs alleged, among alternative causes, an action for a temporary private nuisance, separable as to each accrued injury, for which the plaintiff has redress within the period of limitation for each accrual. *Rebel*, 602 S.W.2d at 794; *Hayes v. St. Louis & S.F.R. Co.*, 177 Mo.App. 201, 162 S.W. 266, 268 (1914).

The *Rebel* case is particularly helpful. There the landowners sued a city drainage district for damages and injunctive relief. The petition alleged negligent failure to maintain a ditch levee which permitted water to flood and erode the land of the plaintiff. The trial court concluded that the petition alleged a cause of action for permanent nuisance and was barred by a five-year statute of limitations. "That judgment necessarily rejected the pleading as a cause of action for temporary nuisance, abatable and separately accrued by each new incursion." *Rebel*, 602 S.W.2d at 789. The Western District reversed and remanded for trial. It distinguished *Powers v. St. Louis I.M. & S. Ry. Co.*, 158 Mo. 87, 57 S.W. 1090 (1900) and found that the petition pled injury from neglect by defendant and continuous failure to maintain defendant's levee. *Id.* at 794. In *Powers* plaintiff's damages were from the inherent character of a structure in usual operation due to negligent design and construction. The *Rebel* petition was found to plead a construction made harmful by the neglect of the defendant with "no intimation that the original construction in year 1935 as installed was faulty or necessarily injurious to the plaintiff. The allegations, at best intendment, plead a source of injury created by the defendant, which the defendant has a duty to abate, and which can be abated by an available technology at a reasonable expense." *Id.* at 794.

The pleading now under consideration is similar to the pleading in *Rebel*. The plaintiffs do not plead injury from the construction of a manhole and "homemade" drainage pipe but from defendants' continuous, negligent and careless maintenance and unreasonable use of their properties so as to cause large quantities of water to be discharged onto plaintiffs' property and damage plaintiffs' land. There is no allegation that the inherent character of the manhole and drainage pipe in usual operation would cause injury. The allegation is that they have become harmful through negligence. There was evidence before the trial court

that for some years after plaintiffs occupied their property they suffered no damage from the existing structure; that the metropolitan sewer district can correct the drainage problem by installing a new pipe across plaintiffs' and defendants' property to a storm sewer inlet. The condition is abatable. Further, there was evidence that one of the defendants had altered underground pipes upon her property within five years of the suit.

We conclude that when granting plaintiffs every favorable intendment of the record the petition and supporting evidence from affidavits, deposition testimony and admissions, the trial court erred in determining as a matter of law the cause of action was for a permanent nuisance and barred by the statute of limitations.

The period of limitations runs immediately upon the creation of a permanent nuisance and bars all claims of damage, present and future, after the lapse of the statutory period. [citation omitted] The rule rests on the reason that the inherent nature of the source of damage assures that the injury will continue indefinitely. The single tortious act of nuisance, therefore, gives rise to one permanent injury for which one recovery lies. [citations omitted] Where the source of injury is a permanent structure, the injury accrues at the completion of the installation or when the effect of injury become manifest, and the action for recovery must be brought within the period of limitations thereafter. [citation omitted] The effect of an adjudication of permanent nuisance is to declare to the tort-feasor an unabatable right to continue the trespass. [citations omitted] ...

The period of limitation as to temporary nuisance, however, runs anew from the accrual of injury from every successive invasion of interest. The recovery is for damage actually sustained to the commencement of suit, but not for prospective injury. [citation omitted] That is because a temporary nuisance may be

abated at any time by a reasonable effort or by an order of the court; but if not, then gives rise to a successive action for the continuance of damage. [citations omitted] The right to a successive action for the continuance of a nuisance rests on the principle that the tort-feasor [citations omitted] 'is under a legal obligation to remove, change, or repair the structure or thing complained of, and thereby terminate the injury to his neighbor; and, failing so to do, each day's continuance of the nuisance is a repetition of the original wrong, and a new action will lie therefore.'

The law assumes that a temporary nuisance will abate—if not by voluntary act of the tort-feasor then by judicial agency—and so confines recovery to injury already accrued ...

It is the character of the source of injury rather than the character of the injury which determines between a temporary or permanent nuisance. [citation omitted] That injury results from a permanent construction, however, does not conclusively define the source as a permanent nuisance.

*Rebel,* 602 S.W.2d at 792, 793.

The grant of summary judgment by the trial court was based entirely on the application of the statute of limitations. However, defendants have presented alternative arguments not made in the trial court which they contend support their right to a judgment as a matter of law. They argue that even if the statute of limitations is not a bar to plaintiffs' cause of action, the undisputed facts support a finding that they have acquired a prescriptive easement. They also argue that the negligent and defective workmanship of contractors, hired by the plaintiffs to construct their home, constitutes an intervening efficient cause of the damages plaintiffs may have had from water discharged upon their property. We need not decide whether it is appropriate for an appellate court to affirm a summary judgment upon grounds neither pleaded nor argued before the trial court for the reason that the record fails to support defendants' position on either of these alternative grounds.

The authorities relied upon by defendants, *Snowden v. Northwest Mo. State University,* 624 S.W.2d 161, 165 (Mo.App. 1981) and *Flanary v. Rowlett,* 612 S.W.2d 47, 49 (Mo.App.1981), are dispositive. Both courts recognized the general proposition that a summary judgment must be affirmed if sustainable on any theory. However, in both cases alternative grounds for summary judgment were presented to the trial court and the judgment did not recite the ground relied upon. On this issue these cases stand only for the proposition that a summary judgment will not be reversed merely for the failure to recite the grounds upon which it is based.

■ Summary judgment on the ground of prescriptive easement and § 516.010 RSMo 1978 is inappropriate because the record does not support a continuous ten year adverse claim by defendants upon plaintiffs' property. *Chase v. Fania,* 675 S.W.2d 87, 88 (Mo.App.1984). Nor is the contention of intervening cause supported by fully developed and agreed or uncontested facts from which we could conclude as a matter of law that defendants were entitled to a summary judgment. Summary judgment is a drastic remedy. It must be shown on the record that there is no genuine issue of fact and the record must be viewed in a light most favorable to the parties against whom summary judgment is entered. *Teter v. Morris,* 650 S.W.2d 277, 285 (Mo.App.1982).

We reverse and remand.

PUDLOWSKI, P.J., and GAERTNER, J., concur.