**Rudolph R. SHOWALTER and Marianne R. Showalter, Plaintiffs-Appellants,**

v.

**WESTOAK REALTY AND INVESTMENT, INC., Defendant-Respondent.**

**No. 53031.**

Missouri Court of Appeals, Eastern District, Division Two.

Oct. 6, 1987.

Motion For Rehearing and/or Transfer Denied Nov. 18, 1987.

Application to Transfer Denied Jan. 20, 1988.

William J. Fletcher, Kirkwood, for plaintiffs-appellants.

James J. Sauter, St. Louis, for defendant-respondent.

REINHARD, Judge.

Plaintiffs appeal after the trial court sustained defendant's motion to dismiss their second amended petition on the grounds that plaintiffs' cause of action in fraud was barred by the statute of limitations. We reverse and remand.

Plaintiffs' second amended petition alleged in one count at least two alternative claims: one for breach of contract and one for fraud in contract, both claims arising out of a settlement agreement, in lieu of foreclosure on real estate, entered into by the parties on September 23, 1980.

A short statement of the history of the case is necessary for its resolution. Rudolph Showalter, on March 8, 1983, filed a three-count petition against defendant, asserting breach of contract in Count I, negligence in Count II, and breach of fiduciary duty in Count III. All three claims arose out of a settlement agreement entered into by Showalter, his wife, and defendant on September 23, 1980, after defendant threatened to foreclose on plaintiffs' property pursuant to a deed of trust securing a construction loan.

Among other motions attacking the petition, defendant moved to dismiss for failure to join all necessary parties. On February 14, 1984, the first amended petition was filed in which Marianne Showalter joined her husband as a plaintiff in the suit. It contained three counts, realleging the three claims from the original petition. Plaintiffs added instances of defendant's alleged breaches of its contractual, legal, and fiduciary duties involving the September 1980 agreement.

Plaintiffs filed the second amended petition in one count on March 6, 1986. In it they generally reiterated the facts from the first amended petition, but they alleged more details of the agreement and, in addition to the breach of contract claim, asserted a claim in fraud.

Subsequent to filing its answer, defendant filed a motion to dismiss the second amended petition, alleging that the fraud claim was barred by "the five year Statute of Limitations" because it had not been previously pleaded.

The parties began trial of the cause after waiving a jury. At the end of the first day of trial, the court recessed. The parties submitted memoranda on the statute of limitations issue, and ultimately the court dismissed the case. It is clear to us from the record and the parties' briefs that the court sustained the motion because it believed the fraud claim was barred by the five year statute of limitations. The fraud

claim had been raised first on March 6, 1986, by the second amended petition, and the settlement agreement out of which the claim arose was entered into on September 23, 1980. On appeal plaintiffs contend that the court erred in dismissing their petition. We agree.

The second amended petition contains only one count; it is sixteen pages long with twenty-eight paragraphs and subparagraphs.[1] Although the petition at best is not a model pleading in the broadest sense, our review of it reveals that it does make the allegations necessary to plead alternatively a claim for breach of contract. Defendant makes no challenge to the sufficiency of the breach of contract claim, and without a recitation in this opinion of the pleading, we conclude that a cause of action in contract is pleaded. *See Berra v. Papin Builders, Inc.*, 706 S.W.2d 70, 73–74 (Mo.App.1986). Defendant in its brief admits the second amended petition "pleads all the elements of an actual fraud in contract."

A pleader may make two or more statements of a cause of action alternatively or hypothetically in one count, and if any one of the statements of the claim is sufficient, the pleading is not made insufficient by reason of the insufficiency of one or more of the alternative statements. Rule 55.10; *Stix & Co., Inc. v. First Missouri Bank & Trust Company of Creve Coeur*, 564 S.W.2d 67, 70 (Mo.App.1978). Apart from the challenge to the fraud claim, plaintiffs' pleading withstands a motion to dismiss because of the sufficiency of the breach of contract claim. Therefore, for that reason alone the trial court erred.

We also believe the trial court erred as to its determination of the fraud claim for two reasons. First, the statute of limitations is an affirmative defense which must be pleaded with specificity. *Rebel v. Big Tarkio Drainage Dist.*, 602 S.W.2d 787, 790 (Mo.App.1980). In neither the answer nor the motion did defendant specifi-

cally allege the particular statutory provision upon which it was relying. The trial court should not have considered the motion. *Id.* Additionally, we do not believe that the fraud claim was barred by the statute of limitations. Plaintiffs did not plead fraud in the first amended petition, but it appears to us that the fraud claim arises out of the same facts alleged in that petition. Thus, the fraud claim is not barred by the statute of limitations because it arises out of the same transaction set forth in the first amended petition and relates back to its filing on February 14, 1984.[2] Rule 55.33(c); *Hawkins v. Hawkins*, 533 S.W.2d 634, 637–38 (Mo.App. 1976).

Finding no basis to sustain the dismissal of the second amended petition, the cause is reversed and remanded.

DOWD, P.J., and GARY M. GAERTNER, J., concur.

---

1. Although it appears that the petition would have been subject to a motion for a more definite statement, no such motion was filed.

2. Defendant does not seem to challenge the plaintiffs' contention that the fraud claim arises

out of the settlement agreement, but instead it relies on western district cases, under which plaintiffs' fraud claim would not relate back. *See Link v. Ise*, 716 S.W.2d 805, 807–09 (Mo.App. 1986).