**Thelma M. BROKAW, Plaintiff-Appellant,**

**v.**

**Charles R. BROKAW, Defendant-Respondent.**

**No. 34534.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

March 13, 1973.

Robert E. Morley, O'Fallon, for plaintiff-appellant.

Ervin D. Davis, St. Charles, for defendant-respondent.

KELLY, Judge.

This appeal is from a judgment of the trial court after trial on the merits of plaintiff-appellant's Petition for Separate Maintenance dismissing with prejudice said petition for the reason plaintiff-appellant failed to sustain the necessary elements of her petition. The only point presented by plaintiff-appellant's brief is that the Court erred in finding that appellant had failed to sustain the necessary elements of her petition and in entering its order dismissing the petition.

To prevail in a separate maintenance action brought under Section 452.130 RSMo 1969, V.A.M.S., the plaintiff is required to prove by the preponderance of the credible evidence both elements enunciated in the statute, viz, that the husband, without good cause, abandoned the wife and that he has failed to provide her with support and maintenance. "Our Supreme Court has pointed out that divorce a vinculo matrimonii, i. e., absolute divorce, and a divorce a mensa et thoro, i. e., divorce from bed and board, now an action for separate maintenance * * * 'are substantially indivisible portions of the one action for divorce' * * *; and, every appellate court in this state has held that a wife cannot recover in an action for separate maintenance unless she makes such proof as would entitle her to a divorce if that were the relief sought." Price v. Price, 281 S.W.2d 307, 309(1) (Mo.App. 1955).

On appeal it is the duty of the reviewing court to review both the law and the evidence as in suits of an equitable nature, and the judgment of the trial court may not be set aside unless it is clearly erroneous. Easton v. Easton, 361 S.W.2d 166, 167(2) (Mo.App.1962).

The testimony at the trial on the merits was conflicting; however, our review of the transcript of the evidence adduced convinces us that the judgment of the trial court is supported by the record and is not "clearly erroneous" as to warrant disregard of the opportunity afforded the trial judge to better evalute the credibility of the witnesses and set aside the dismissal.

Plaintiff-appellant's counsel, in the Argument section of his brief complains that no award of attorney's fee was made by the trial judge other than an allowance made when plaintiff-appellant's motion for temporary allowances and custody was taken up. The reviewing court is obliged on an appeal to determine only those questions stated in the "Points Relied On," and matters which defendant but casually alludes

to in the argument portion of its brief without having stated them under "Points Relied On" are not preserved or presented for appellate review. Montgomery v. Travelers Protective Ass'n of America, 434 S.W.2d 17, 20(6) (Mo.App.1968).

The judgment of the trial court is affirmed.

SMITH, P. J., and McMILLIAN and SIMEONE, JJ., concur.