**A.V., et al., Plaintiffs-Appellants,**

**v.**

**G.V., Defendant-Respondent.**

**No. 51294.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 3, 1987.

Motion for Rehearing and for Transfer
Denied March 11, 1987.

Application to Transfer Denied
April 14, 1987.

Susan H. Mello, Clayton, for plaintiffs-appellants.

Jess Ullom, Clayton, for defendant-respondent.

CRANDALL, Judge.

This action was commenced by female triplets, A.V., A.V., and A.V., through their next friend and mother, D.R., and by the mother individually against the alleged father, G.V. Mother appeals from the judgment, in a court-tried case, declaring G.V. to be the father and awarding her child support as well as back support and expenses. We affirm.

In December, 1985, mother filed an amended four count petition. Count I sought a declaration of paternity; Count II sought child support in the amount of $75 per week per child; Count III sought the reimbursement of $15,500 for "lying in expenses" incurred before the birth of the triplets and for amounts expended on the triplets since their birth; and Count IV sought damages for breach of promise to marry. Count IV was severed for separate trial and is not included in this appeal.

In his amended answer, the father admitted paternity; but he denied all the other allegations.

In October, 1985, the mother filed a "Motion for Child Support Pendente Lite," seeking an order declaring G.V. the father of the triplets and a temporary award of child support pending a trial on the merits. At the initial setting for the motion, the motion judge did not rule upon the motion but granted leave to refile it as a motion for summary judgment. At the next setting, the second motion judge continued both motions for an evidentiary hearing on November 14, 1985. On November 19, the third motion judge granted summary judgment on the issue of paternity but found no jurisdiction to order interim child support. On a motion to reconsider, that same judge found that jurisdiction did exist and set the motion for temporary support for an evidentiary hearing on December 18, 1985. On that date, a fourth motion judge, on her own motion, found no jurisdiction to hear a motion pendente lite for child support. The trial setting was then advanced to January 13, 1986.

At trial, both the mother and father testified and submitted income and expense statements to the court. The evidence adduced was that the children had been born on August 11, 1981. Approximately one year prior to their birth and one year after, the mother and father had resided together. The mother testified that she had been unemployed for most of that time period; and that, because of the threat of premature labor, she was required to have complete bedrest prior to the birth of the triplets. She did receive unemployment compensation during that time period. The father testified that, during that same period of time, he was the primary means of support for the mother and then later for the triplets. In September, 1982, the father signed an affidavit stating that he was the father of the triplets and that he would provide for their support.

The evidence further showed that both the mother and father were presently employed. The mother's yearly gross income was approximately $25,000; and the father's gross income was about $40,000 per year. The mother testified that she had expended $15,500 for prenatal expenses and for necessaries for the triplets; namely, food, shelter, clothing, and medical and educational expenses. The father testified that, from September, 1982 until September, 1985, he had paid $300 to $350 per month to the mother. In addition, he had paid for medical insurance for the triplets. The mother stated that the payments of $300 to $350 were made only sporadically, and that they were intended to cover the payments on the house in which she resided with the triplets.

The trial court found that G.V. was the father of the triplets, awarded mother $200 per month for the support of each child, $5,000 for back support, and $2,000 in attorney's fees. The court also ordered the father to maintain medical insurance on the triplets. The judgment was later amended to award the federal income tax exemptions for the triplets to the father.

In her first point, mother claims error in the trial court's award of $5,000 for prenatal expenses and for necessaries. She contends that the court should have awarded her the full $15,500, because she had established that this was the actual "amount spent to support the minor plaintiffs."

In the present case, there were discrepancies between the father's and the mother's testimony regarding how much the father had contributed toward the support of the mother during her pregnancy and to the triplets after their birth. The father testified that he was the only one working during the mother's pregnancy and that he had paid all the bills during that time. He also testified that, since September, 1982 he had paid $300 to $350 per month to the mother; and that, in addition, he had paid for medical insurance for the triplets. The mother's testimony was that she had contributed toward her prenatal expenses and the expenses associated with the birth of the triplets from her unemployment compensation. She stated that the father did not pay $300 to $350 monthly, but only occasionally. The mother testified that she had been employed for about 18 months and earned approximately $25,000 per year. The father was also employed at all times pertinent to the litigation and earned about $40,000 per year.

■ Based on this evidence, the amount expended on necessaries for the triplets was a question of fact for the trial court. The trial court's award of $5,000 for past expenses was well within the evidence and indicates that the court considered the financial condition of both parties in making its order. The court properly divided the burden of the past support for the triplets between both parties after considering their ability to pay. *See, e.g., Mueller v. Jones,* 583 S.W.2d 222, 224 (Mo.App.1979). The trial court did not abuse its discretion. Mother's first point is denied.

In her second point, mother asserts that, once paternity was established, the trial court erred in failing to award child support on a motion pendente lite. She relies on the maxim that illegitimate and legitimate children have an equal right to child support. *See R. v. R.,* 431 S.W.2d 152, 154 (Mo.1968). We decline to address the broad issue raised by mother and instead focus on whether she was prejudiced by the trial court's ruling.

■ The mother has a quasi-contractual action against the father to recover past expenses. *Parker v. Bruner,* 692 S.W.2d 379, 382 (Mo.App.1985). In making an award for back necessaries, the court looks to the actual amounts expended on the children. Here, trial was held within thirty days after the denial of her motion pendente lite. At that trial, the mother was permitted to seek, *inter alia,* the same amounts in back support that she had sought in her pre-trial motion for temporary child support. Mother fails to allege, much less substantiate, any prejudice resulting from the trial court's denial of her motion. The mother's second point is denied.

The mother's third point alleges trial court error in awarding the tax exemptions for the triplets to the father. She cites I.R.C. § 152(e) as amended effective December 31, 1984 in support of the argument that the exemption should go to her as the custodial parent. In addition, she claims that the issue was not framed in the pleadings and, therefore, was not before the trial court.

■ I.R.C. § 152(e) is titled "Support Test in Case of Child of Divorced Parents." The provisions of § 152(e) "relate to a determination of which of separated parents (that is, parents who are divorced or legally separated under a decree of divorce or separate maintenance, or separated under a written separation agreement) is to be treated ... as having provided more than half of the support of the child." Treas. Reg. § 1.152–4 (1984). The parents here were never married; therefore § 152(e) is inapplicable.

The relevant portions of the tax code are § 151(e) and § 152(a). I.R.C. § 151(e)(1)(B) allows an exemption for each dependent who is a child of the taxpayer and who has not attained the age of nineteen at the close of the the calendar year in which the

taxable year of the taxpayer begins. For purposes of paragraph (1)(B), the term "child" means an individual who is a son, stepson, daughter, or stepdaughter of the taxpayer. I.R.C. § 152(a)(1) defines as a "dependant" a son or daughter if more than one-half of their support is provided by the taxpayer. In Rev.Rul. 54–498, 1954–2 C.B. 107, a taxpayer who proved he furnished more than half the support of an illegitimate child was allowed an exemption. When the trial court awarded the father a tax exemption for the triplets it must have concluded that, pursuant to the support award, the father provided more than one-half of the support required.

■ In addition, case law in Missouri upholds a court's jurisdiction to award tax exemptions. "Because income tax exemptions are or may be a factor in determining the money available to pay support obligations, it would be appropriate for the parties, or the *court* in the absence of agreement between the parties, to determine and express which party is entitled to the available exemptions." *Corey v. Corey*, 712 S.W.2d 708, 711 (Mo.App.1986) (emphasis added). Clearly, the issue of tax exemptions is ancillary to an award of child support and may, at the discretion of the trial court, be addressed. Point three is therefore denied.

The judgment of the trial court is affirmed.

PUDLOWSKI, P.J., and KAROHL, J., concur.