Brandon Noel CROCKETT, by his next friend Victoria CROCKETT, and Victoria Crockett, individually, Plaintiffs–Respondents,

v.

David S. SCHLINGMAN, Defendant–Appellant.

No. WD 38686.

Missouri Court of Appeals, Western District.

Oct. 20, 1987.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 1, 1987.

Application to Transfer Denied Jan. 20, 1988.

Joseph Y. Decuyper, D. Bryant King, III, Decuyper & Associates, Kansas City, for defendant-appellant.

Gregory W. Vleisides, Turner and Boisseau, Kansas City, for plaintiffs-respondents.

James W. Van Amburg, Weston, guardian ad litem.

Before TURNAGE, P.J., and BERREY and GAITAN, JJ.

TURNAGE, Presiding Judge.

Victoria Crockett[1] filed suit individually and as next friend of her son Brandon against David Schlingman for a determination that Schlingman was the father of her minor son, Brandon, and for past and future support of Brandon. The court conducted four separate hearings: a jury trial on the issue of paternity, a jury trial before a different jury on the issue of back support, a hearing without a jury on the issue of future support and guardian ad litem expenses and a final hearing on the issue of attorney fees. On the issue of paternity the jury returned a verdict finding that Schlingman was the father. On the issue of back support the jury awarded Vicky the sum of $45,000. The court entered judgment on those verdicts and also on the other issues. This appeal only raises questions concerning the issues of paternity and back support. Affirmed as to the paternity issue and reversed and remanded on the back support issue.

### PATERNITY ISSUE

Schlingman does not question the sufficiency of the evidence to support the verdict that he is the father of Brandon. Suffice it to say that Vicky testified that Schlingman was the father and Schlingman had written letters admitting his paternity, although he later changed his mind when Vicky told him during an argument that he was not the only man in her life. In addition, Vicky introduced evidence of the results of a HLA blood test which revealed that there was a 99.6% likelihood that Schlingman was the father. In addition, a physician who supervised the blood test gave his opinion based upon the results of the test that Schlingman was the father.

■ Schlingman first contends the court erred in admitting three letters written by Schlingman and medical records of Vicky maintained by her physician and the hospital where Brandon was delivered. In addition, he complains of the admission of the case file from the Midwest Organ Bank where the blood test was performed and a

hospital handbook on birth registration. When each of these exhibits was offered counsel made only a general objection in which he objected to the blanket introduction of the exhibit on the ground that it was irrelevant, immaterial and contained hearsay. Counsel never made any specific objection or any objection directed to any particular part of any exhibit. Counsel concedes that there were parts of the exhibits which were admissible. In *Allen v. St. Louis Public Service Company,* 365 Mo. 677, 285 S.W.2d 663, 667–68[8–12] (1956), the court held that if any part of an exhibit is admissible, a blanket objection to the entire exhibit is properly overruled. The court further held that it is not the duty of the trial court to sift the wheat from the chaff, which is what the court would be required to do in order to rule on a blanket objection. Here, counsel made only a blanket objection to the exhibits. Under *Allen,* it is clear that the court properly received the exhibits when at least portions of each exhibit were admissible.

■ Schlingman contends that the court should have declared a mistrial when Vicky and Brandon began to cry while seated at the counsel table during final argument. The motion for mistrial was made after the argument was completed and the jury had retired. In *Eichelberger v. Barnes Hospital,* 655 S.W.2d 699, 707[23–24] (Mo.App. 1983), the court held that the prejudicial effect of an emotional demonstration by parties, such as crying, is a matter to be determined by the trial court in the exercise of its sound discretion. That case also held that whether the emotional display engendered passion and prejudice on the part of the jury is left largely to the discretion of the trial court. Absent a manifest abuse of discretion, an appellate court should not interfere with the ruling of the trial judge. Schlingman makes no attempt to show an abuse of discretion but simply contends that because of the crying during the trial the court should have granted a mistrial. There is no abuse of discretion shown.

1. Victoria was referred to in the trial as Vicky.

Schlingman next contends the court erred in sending an exhibit up to the jury room when the exhibit had not been received in evidence. Schlingman concedes the record does not show the exhibit was sent to the jury room. This court cannot consider any matter not shown by the record. *State ex rel. State Highway Commission v. Galeener*, 402 S.W.2d 336, 342[10–11] (Mo.1966).

■ The next contention is that the court gave a verdict directing instruction which advised the jury that its verdict must be for plaintiff Brandon Crockett if it believed that Schlingman was the natural father of Brandon. Schlingman contends that the court ordered the case to proceed with Vicky as the plaintiff although the petition was filed by Vicky and Brandon with Vicky as his next friend. Even if the instruction should have listed Vicky as the plaintiff, there is no prejudice shown by inserting the name of Brandon as the plaintiff. The only issue submitted to the jury was whether or not Schlingman was the father of Brandon. Certainly the name of the plaintiff, whether it was Vicky or Brandon, would not have misled the jury nor could it have confused the jury as to the issue it was to resolve. Even if incorrect, the instruction could not have had any prejudicial effect.

■ Schlingman finally contends the court erred in admitting the testimony of Dr. Cross, the Director of Midwest Organ Bank, who supervised the HLA blood test and testified as to his opinion as to the paternity of Schlingman. It is contended that there was no chain of custody shown of the vials containing the blood drawn from Vicky, Brandon and Schlingman when they appeared together at the organ bank. The testimony of the employees of the organ bank revealed that one employee drew the blood and put it in vials clearly labeled with each person's name and placed the vials on the desk of another employee. Within about five minutes after the vials were left on the desk, the second employee logged in the vials. Thereafter the vials were kept in a locked container over night until the testing was completed. The vials were kept separate and apart from all other laboratory work being performed by the organ bank. This court in *Storm v. Ford Motor Company*, 526 S.W.2d 875, 878[3] (Mo.App.1975), held that a chain of custody is sufficiently traced when the circumstances show a reasonable assurance that the object sought to be admitted is the same and in the same condition. This court further held that hand to hand custody from the time the evidence is obtained until it is admitted is not required nor does the evidence need to be continually watched. Evidence of the chain of custody in this case more than satisfied the ruling stated in *Storm*.

## THE BACK SUPPORT ISSUE

A separate jury trial before a different jury was held on Vicky's claim for money she had expended for the support of Brandon. The court limited back support to the period from May 1974 through May 1979. The only evidence introduced by Vicky as to the amount she should receive came from a CPA employed by her. This witness testified that he had read articles concerning the amounts required to support children during the period in question and had examined Vicky's tax returns for those years. The witness was asked if he had made a calculation based upon his research and the financial information he had received from Vicky as to the amount of support it would take in 1986 dollars to reimburse Vicky for the support she did not receive for the years 1974 through 1979. Over an objection that this was not the proper measure of damages, the court allowed the witness to give his opinion that the amount would be $45,000. There was no evidence of the reasonable value of shelter, food, clothing, medical and education expenses for Brandon during the period involved.

Schlingman contends that the court erred in receiving the evidence of the CPA and in giving the verdict director which did not limit the recovery of Vicky to the reasonable value of the support she furnished to Brandon.

Vicky and Schlingman were never married, but the distinction between children born in and out of wedlock in terms of the right to compel support by a father was abolished in *R___ v. R___*, 431 S.W.2d 152 (Mo.1968). Thus, the right of Vicky to recover for past care and maintenance of Brandon rests on the same common law action she would have if Brandon had been born in wedlock.

There is no question that the mother of a child may maintain a common law action to recover her necessary expenditures for the support of a child when the father has failed to provide support. *Josey v. Forde*, 338 S.W.2d 14, 15 (Mo.1960). In *Kelly v. Kelly*, 329 Mo. 992, 47 S.W.2d 762, 766 (banc 1932), the court stated the mother may recover a reasonable amount for necessaries furnished for the support of a child. In *Broemmer v. Broemmer*, 219 S.W.2d 300 (Mo.App.1949), the court approved an instruction which limited the recovery of the mother to the reasonable necessary expenses she had incurred for the support and care of the child.

There can be no doubt that the recovery in a common law action against the father for support of a minor child by a mother is limited to the reasonable value of the necessaries furnished to the child. In this case there was no evidence concerning the reasonable value of necessaries supplied by Vicky. The only evidence was the opinion of a CPA of the amount which it would have cost to support a child between 1974 and 1979 in 1986 dollars. The court erred in admitting such evidence. The court further erred in giving an instruction which did not inform the jury of the proper measure of damages. The judgment of $45,000 for back support cannot stand.

The judgment declaring Schlingman to be the father of Brandon is affirmed. The judgment granting $45,000 for past support is reversed and this cause is remanded for a new trial on that issue. The guardian ad litem has filed a motion to remand this cause for a determination by the trial court of the amount of guardian ad litem fees incurred in this appeal. The motion is sustained and on remand the trial court shall fix the amount of guardian ad litem fees applicable to time spent on this appeal.

The costs on this appeal are divided equally between Vicky and Schlingman.

All concur.