**Nicholas LANDOLL, by his Next Friend Karen LANDOLL, and Karen Landoll, Individually, Respondent,**

v.

**William DOVELL, Appellant.**

No. 55997.

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 10, 1989.

Allan F. Stewart, Clayton, for appellant.

Joseph G. Nassif and Paul A. Kidwell, Coburn, Croft & Putzell, St. Louis, for respondent.

HAMILTON, Judge.

Appellant William Dovell (hereinafter Dovell) appeals the order of the trial court, dated December 20, 1988, that granted the Motion for Partial Back Support Plus Interest filed by Nicholas Landoll, by his next friend Karen Landoll, and Karen Landoll, individually (hereinafter the Landolls). We affirm in part, reverse in part, and remand for further proceedings.

This is the second appeal from a partial judgment by the trial court in the underlying case. The summary judgment of paternity and of temporary support was before this court in *Landoll v. Dovell*, 779 S.W.2d 621 (Mo.App.1989) (hereinafter *Landoll* I). We adopt the factual statement of the earlier opinion (*Landoll* I, 779 S.W.2d at 623–24), adding only facts that pertain to the later order of back support.

Following the trial court's entry of a final order and decree finding that Dovell was the father of Nicholas Landoll and ordering temporary support (the subject of *Landoll* I), the Landolls filed a Motion for Summary Judgment for Partial Back Support Plus Interest. On November 2, 1988, the trial court, considering the same evidence presented on the earlier issue of temporary support, granted the Landolls' motion for back support and ordered Dovell to pay $12,304.88 in back support for the period of July 1, 1986, to July 1, 1987. This sum represented the full amount of expenses for the period without interest. On December 20, 1988, the trial court entered an order pursuant to Rule 74.01(b) making its order of November 2 a final judgment for purposes of appeal. Thereafter, Dovell appealed.

On appeal, Dovell asserts the trial court erred in ordering past support (1) absent a final determination of paternity and (2) absent evidentiary support for the award.

All of the arguments raised in Dovell's first point in this appeal[1] were raised and decided as separate points in *Landoll* I. The decision of an appellate court is the law of the case on all issues presented and decided; it remains the law of the case for any subsequent proceedings in that litigation. *Gamble v. Hoffman*, 732 S.W.2d 890, 895 (Mo. banc 1987); *Pemberton v. Pemberton*, 779 S.W.2d 8, 10 (Mo.App.1989). No issue previously decided will be relitigated on a second appeal. *Southwestern Bell Tel. Co. v. Buie*, 758 S.W.2d 157, 161 (Mo.App.1988). Because this court affirmed the trial court on the issue of paternity in *Landoll* I, Dovell cannot relitigate that issue. His first point is therefore denied.

In his second point on appeal, Dovell contends that the order for back support was unsupported by the evidence. Past due child support is based upon the legal principle of reimbursement for necessaries, not the equitable principles applied to determine prospective support. *McNul-*

---

1. Dovell's first point is actually four arguments, each corresponding to a separate point in *Landoll* I: (1) the forum was improper under the doctrine of *forum non conveniens;* (2) the Landolls failed to join all necessary parties; (3) the trial court lacked personal jurisdiction; and (4) issues of material fact concerning paternity remain for determination.

*ty v. Heitman,* 600 S.W.2d 168, 172 (Mo. App.1980). Past, or back, support is limited to the reasonable value of necessaries supplied the minor child by the custodial parent. *Crockett v. Schlingman,* 741 S.W.2d 717, 720 (Mo.App.1987). Once paternity is established, the trial court may divide the expense of past necessaries between both parents. *A.V. v. G.V.,* 726 S.W.2d 782, 784 (Mo.App.1987). Proper allocation of the burden of back support requires consideration of the financial condition of each parent. *Id.* This includes consideration of both past and present earnings. *Deardorff v. Bohannon,* 761 S.W.2d 651, 655 (Mo.App.1988).

■ The trial court considered Karen Landoll's testimony of July 6, 1987, and her affidavits for both temporary and back support determinations. No additional evidence was adduced at the hearing on the motion for partial back support. The Landolls' brief specifically notes that their motion for partial back support was deliberately limited to the period for which evidence had already been presented to the trial court. No evidence, however, was presented as to the reasonableness of the expenses listed in the mother's affidavits.[2] Moreover, the trial court awarded the full amount of expenses for the period. Nothing in the record before us indicates that the trial court considered the necessity of the expenses or each parent's ability to pay.

■ In addition, both the award of temporary support at issue in *Landoll* I and the award of past support at issue here were determined by motions for summary judgment. A summary judgment is appropriate only if no genuine issue as to any material fact exists and the moving party is entitled to judgment as a matter of law. In *Landoll* I this court held that issues of material fact as to Dovell's ability to pay temporary support remained at issue. *Landoll* I, 779 S.W.2d at 631 (Mo.App. 1989). Consequently, we reversed and re-

manded that case to the trial court on the sole issue of temporary support. A similar issue of ability to pay exists in this appeal. For this reason and those reasons stated above, we therefore reverse the order of the trial court with respect to back child support and remand for further proceedings not inconsistent with this opinion.

DOWD, P.J., and SIMON, J., concur.

---

**2.** The mother's list of expenses includes such items as YMCA, vacation, cable, pet expense, and entertainment. Absent further evidence, these items appear to fall outside the "food, clothing, medical, and educational expenses" normally considered necessaries. *See Mueller v. Jones,* 583 S.W.2d 222, 224 (Mo.App.1979).