Douglas P. LEWIS, Appellant,

v.

EL TORITO RESTAURANTS, INC.,
d/b/a Annie's Santa Fe, et al.,
Respondents.

No. WD 43342.

Missouri Court of Appeals,
Western District.

Feb. 5, 1991.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 2, 1991.

J. Earlene Farr, John M. Duggan, Kansas City, for appellant.

John G. Schultz, Kansas City, for respondents.

Before GAITAN, P.J., and TURNAGE and KENNEDY, JJ.

KENNEDY, Judge.

Plaintiff Douglas P. Lewis brought suit against El Torito Restaurants, Inc., the owner of a restaurant and bar named Annie's Santa Fe, located at Bannister Mall, and against its employee Robert Hall, Jr., for damages for personal injuries suffered by plaintiff in the early morning hours of January 1, 1986.

The trial court granted summary judgment to defendants and plaintiff appeals.

The facts before the court on the motion for summary judgment were as follows:

Plaintiff Lewis was at Annie's Santa Fe bar at Bannister Mall at 1 o'clock in the morning of January 1, 1986. He was at an advanced stage of intoxication. (In fact, when he was admitted to the hospital some hours later the alcohol concentration in his blood was .326). An employee of the bar called for a taxi to take Lewis to his home, but a taxi would not be available for several hours. Lewis had come to the bar in a taxi earlier in the evening, expecting to get drunk. Defendant Robert Hall, Jr., a doorman at Annie's Santa Fe, volunteered to take Lewis home in his pickup truck. Hall knew Lewis, for Lewis was a regular customer of the bar. He buttoned Lewis's shirt and put his jacket on him, assisted him into the passenger side of his truck and fastened his seat belt. Hall did not know where Lewis lived, and Lewis was

directing him. Lewis was out of cigarettes and he asked Hall to stop and buy him some. Hall stopped his truck outside a convenience store and, leaving Lewis seated in the truck, went inside to purchase the cigarettes. There was no one in sight outside the convenience store, and only one automobile, which was unoccupied. Hall was inside the store one or two minutes. When he came back out, Lewis was lying face down on the ground at the back of the pickup truck, his face covered with blood, snoring and apparently unconscious. Hall lifted Lewis back into the truck and returned with him to Annie's Santa Fe. The police were called, who came and took Lewis from the truck and transported him away in a police car.

Lewis remembered being in Annie's Santa Fe but after the incident he had no recollection of leaving the bar or of anything that occurred until he found himself in the hospital. Hospital records show that he was brought to the St. Joseph's Hospital emergency room at 4:25 a.m. Lewis had suffered a cerebral concussion with fractures to the right orbital area, the cheekbone and above the right eye, all on the right side of his face. There were no injuries to any other part of his body.

Plaintiff's second amended petition for damages asserts a claim against Annie's Santa Fe and Hall for battery upon plaintiff by Hall or some other employee of Annie's Santa Fe, or for defendant's negligence in failing to protect him from assault by some third person.

■ In ruling on a motion for summary judgment, the trial court and the appellate court must scrutinize the record in the light most favorable to the party against whom the motion for summary judgment was filed and against whom judgment was rendered, and must accord to that party the benefit of every doubt. *Union Elec. Co. v. Clayton Center Ltd.,* 634 S.W.2d 261, 262 (Mo.App.1982). Summary judgment may be granted on the authority of Rule 74.04(c) only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Landoll v. Dovell,* 778 S.W.2d 846, 848 (Mo.

App.1989); *Sink v. Sink,* 669 S.W.2d 284, 286 (Mo.App.1984).

The record before the trial court is completely barren of any proof supporting plaintiff's allegations of negligence on the part of either defendant.

■ Plaintiff complains that the court granted the summary judgment prematurely—that plaintiff was in the process of discovery which might unearth some support for his allegations of defendants. He points to the fact that two off-duty police officers in the employ of Annie's Santa Fe had "words" with plaintiff on the sidewalk outside Annie's Santa Fe before he left the bar, and that another employee of Annie's Santa Fe had been discharged for fighting two weeks after the plaintiff's New Year's injury. These persons had not yet been identified and interviewed or deposed. While summary judgment should not be granted before the moving party has had a full and fair opportunity to support his case by evidence to be discovered, *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 257, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986), the trial court did not abuse its discretion in granting summary judgment in the posture of this case. There is nothing more than speculation that either the two security guards or the employee discharged for fighting could lend any support to plaintiff's claim. The summary judgment was granted four years after plaintiff's injury and 27 months after the filing of the suit.

Judgment affirmed.

All concur.