**Wilfred H. SHEPPARD, et al.,
Plaintiffs/Appellants,**

**v.**

**McFADDEN LIGHTING COMPANY,
et al., Defendants/Respondents.**

**No. 59734.**

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 24, 1991.

Richard Kent Dowd, St. Louis, for plaintiffs/appellants.

William F. James, St. Louis, for defendants/respondents.

REINHARD, Presiding Judge.

Plaintiffs sought damages alleging negligence by all of the defendants. The trial court entered summary judgment for defendant, McFadden Lighting Co. Plaintiffs appeal; we affirm.

Dorothy Sheppard was killed as the result of an automobile collision which oc-

curred at the corner of Sidney and Ohio in the City of St. Louis on September 5, 1989. Plaintiffs, decedent's husband and her children, allege the collision was caused, in part, by the obstruction of a stop sign by overhanging tree branches. The tree had been planted by the city on a city easement at the southwest corner of the intersection. Defendant McFadden was the lessee of the property which the easement crossed. On November 2, 1990, plaintiff sued the other driver, who allegedly ran the stop sign; McFadden; and the City of St. Louis.

On November 14, 1990, defendant McFadden filed a motion for summary judgment. The motion was called up for hearing on December 6, 1990. The court entered an order continuing the motion, stating, "Defendant McFadden's motion for summary judgment passed for twenty (20) days for plaintiff to adduce evidence that the tree in question is not within the public easement."

Shortly thereafter, plaintiffs propounded a second set of interrogatories to defendant McFadden, seeking the names, addresses, titles and duties of all of its employees for one year before and after the date of the collision. These interrogatories were designed to elicit information that would support plaintiffs' theory that defendant McFadden "assumed a duty" of maintenance toward or otherwise exercised "control" over the tree in question.

Prior to the second hearing on defendant's motion, plaintiffs filed a motion to compel answers to interrogatories and a motion to stay a ruling on the motion for summary judgment. Both were taken up, along with defendant's motion, on January 17, 1991. The court subsequently entered an order sustaining the motion for summary judgment and overruling plaintiffs' motions. In ruling on the motions, the court had before it the pleadings, affidavits, depositions, admissions and interrogatories. Plaintiffs appeal from that order.[1]

In ruling on a motion for summary judgment, the trial court and the appellate court must scrutinize the record in the light most favorable to the party against whom the motion was filed, and accord that party the benefit of every doubt. Summary judgment may only be rendered where it is made manifest by pleadings, depositions, affidavits, answers to interrogatories and admissions that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Rule 74.04(c); *Edwards v. Heidelbaugh*, 574 S.W.2d 25 (Mo.App.1978). When faced with a proper motion for summary judgment supported by affidavits, the party opposing the motion has the burden of coming forward with specific facts demonstrating the existence of a material issue of fact. Rule 74.04(e); *Hummel v. Metro. St. Louis Sewer Dist.*, 782 S.W.2d 451 (Mo. App.1990).

On appeal, plaintiffs contend a genuine issue remains as to whether defendant knew or should have known of the dangerous condition. They acknowledge this is material only if defendant had a duty to plaintiffs' decedent to maintain the tree in a reasonably safe condition.

■ Plaintiffs claim defendant had such a duty as a possessor of the land on which the tree resided. We agree with the trial court that defendant did not have such a duty. Uncontroverted evidence revealed that the city possessed an easement on a portion of the property owned by Howard Sturgeon which he had leased to defendant. It further revealed that the tree was planted by the city on its easement. After the continuance, plaintiffs produced no evidence on this issue and on appeal plaintiffs do not dispute the fact that the tree was on the easement.

This point is controlled by the case of *Mispagel v. Mo. State Highway & Transportation Comm'n*, 785 S.W.2d 279 (Mo. banc 1990). In *Mispagel*, the Missouri Supreme Court affirmed a summary judgment in favor of defendant landowners where weeds growing on a highway right-of-way allegedly caused an automobile accident. The court stated:

We reject the argument that the Pucketts' base fee interest, burdened by the

---

1. The trial court designated this order as an appealable order.

easement, is a property interest owned by them so as to impose affirmative duties of maintenance.... The Commission is responsible, and the owners are not responsible, for any required cutting and mowing.

*Mispagel* at 282. *See* 28 C.J.S. *Easements* §§ 72, 94(c). *See also Gnau v. Union Electric*, 672 S.W.2d 142, 145 (Mo.App. 1984). The court held, as did the trial court here, that the plaintiffs were obliged to make some demonstration that they could show that the allegedly offending growth was not on the easement. *Id.* Defendant did not have a duty to maintain the tree, which was on the city easement.

■ Plaintiffs contend, in the alternative, that defendant may have "assumed a duty" to maintain the tree by previous acts of trimming or "wrapping" it. Plaintiffs' sole evidence on this issue came from Gerald Lanter, who was a buyer for defendant. It would take an extremely broad interpretation of Lanter's deposition testimony to support plaintiffs' contention that any of defendant's employees had trimmed or wrapped the tree prior to the accident. Lanter did admit that shortly after the accident he did some trimming of the tree. Assuming the evidence to be as interpreted by plaintiffs, defendant's actions would not be sufficient to create a general duty to maintain the tree.

■ Ordinarily an abutter will not be held to have assumed general responsibility for the service and safety of a highway or sidewalk by reason of his making temporary repairs thereon. *Teichman v. Potashnick Construction, Inc.*, 446 S.W.2d 393, 400 (Mo. banc 1969); *Rauh v. Interco, Inc.*, 702 S.W.2d 497 (Mo.App.1985). In any event, responsibility is limited by the degree of duty assumed. *Teichman* at 400. A person, however, is liable for any affirmative act which causes injury. *Berry v. Emery, Bird, Thayer Dry Goods Co.*, 357 Mo. 808, 211 S.W.2d 35, 40 (1948). *See Teichman* at 399.

In *Teichman*, our Supreme Court held that, "a user of the road can make repairs and perform maintenance which will improve the condition of the road temporarily without the assumption of the legal duty to use ordinary care to keep the road reasonably safe." *Teichman* at 400.

Plaintiffs rely on *Berry*. In *Berry*, 211 S.W.2d 35, the plaintiff was injured by a broken, rusty light standard which fell on her as she walked down a public sidewalk after it was hit by a truck. The court held the defendant, the abutting store owner, had assumed the duty of maintaining this standard and found it liable for damages under a negligence theory. In that case, however, the defendant owned, installed, and maintained the light standard for more than thirty years primarily for its own benefit, and there was no evidence the city had ever accepted it as dedicated to public use (although it was partly covered at its base by cement from the city sidewalk). *See Berry* at 38–40.

In *Rauh*, 702 S.W.2d 497, the plaintiff, like the plaintiffs here, relied on *Berry* for the proposition that, "liability may be imposed upon one who is under no duty to act but does so voluntarily and gratuitously." *Rauh* at 501–502. We held, however, that *Teichman* was the controlling law. We then rejected the plaintiff's claim that an abutting property owner assumed a duty to repair or maintain the public sidewalk, holding that there was no such duty "irrespective of whether repairs have previously been undertaken." *Rauh* at 501.

Whether defendant created a dangerous condition is ordinarily a question of fact. But to raise a question of fact to overcome a motion for summary judgment plaintiffs must show that defendant did something more than "wrap" or trim the tree on an occasional basis. These facts would be insufficient to support a finding that defendant had assumed a general duty to maintain the tree for the safety of the public. There is no contention that plaintiffs were damaged because of some affirmative act relative to the care of the tree. The law in Missouri fully supports defendant's contention that it assumed no duty to maintain the tree.

■ Plaintiffs also contend that the trial court erred in failing to permit further

discovery. The record reveals that the suit was filed on November 2, 1989, the motion for summary judgment was filed on November 14, 1990, and the hearing was held on January 17, 1991. Defendant failed to respond to interrogatories submitted after the twenty-day continuance. The purpose of the continuance was to allow for additional evidence to be adduced that the tree was not on the public easement. The interrogatories were not directed to this issue. We find no abuse of discretion. *See Lewis v. El Torito Restaurants, Inc.*, 806 S.W.2d 46 (Mo.App.1991).

Judgment affirmed.

GARY M. GAERTNER and CRANE, JJ., concur.