John J. JASINSKI and Kay Jasinski,
Plaintiffs–Appellants,

v.

FORD MOTOR COMPANY,
Defendant–Respondent.

No. 60009.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 21, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 9, 1992.

Richard M. Marshall & Associates, P.C., Clayton, for plaintiffs-appellants.

Steven P. Sanders, St. Louis, John M. Thomas, Office of Gen. Counsel, Ford Motor Co., Dearborn, Mich., for defendant-respondent.

PUDLOWSKI, Presiding Judge.

This is a product liability action, involving a 1971 Ford Country Squire Station

Wagon, brought by the appellants John and Kay Jasinski. Upon motion of Ford Motor Company, the trial court entered summary judgment against the appellants. The Jasinski's filed this appeal and claim the trial court erred in granting summary judgment. We disagree and affirm the judgment of the trial court.

The 1971 Ford in question was originally purchased in February of 1971 from a Ford dealer in Crestwood, Missouri. In 1983 the original owner of the car sold it to John Knieja. Knieja received no information regarding the car's service or repair history for this 12 year period and the appellants were unable to obtain this information. At the time Knieja purchased the car it had been driven approximately 78,000 miles. In January of 1986 Maxine Mash purchased the car from Knieja.

In August of 1986 Mash's daughter brought the car into a service station for repairs. Appellant John Jasinski worked at the service station and was injured while working on the 1971 Ford. Jasinski contends he drove the car into the service bay, turned off the engine, and placed the automatic transmission lever in what appeared to be neutral. Jasinski was standing in front of the car when another mechanic started the engine causing the car to lunge forward and injure Jasinski. The 1971 Ford originally had a C–6 transmission and the appellants argue this transmission had a design defect which caused the accident. Mash has since sold the car and the appellants have been unable to locate it.

For purposes of summary judgment Ford admitted the 1971 Ford originally contained a C–6 transmission and that this transmission was defective. Ford, however, argued the appellants had no evidence to show that the C–6 transmission was in substantially the same condition as it was when originally installed or that it was even, in fact, still in the car at the time of the accident. The trial court granted Ford summary judgment and this appeal follows. The appellants' sole point on appeal is that the trial court erred in granting Ford's motion for summary judgment.

■ In ruling on a motion for summary judgment we scrutinize the record in the light most favorable to the party against whom the motion for summary judgment was filed and against whom judgment was rendered, and must accord to that party the benefit of every doubt. *Lewis v. El Torito Restaurants, Inc.,* 806 S.W.2d 46, 47 (Mo. App.1991). Under Rule 74.04(c) summary judgment is granted only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Id.*

■ In order to recover under a product liability theory for an injury caused by an allegedly defective product a plaintiff must establish the following: (1) defendant sold the product in the course of its business; (2) the product was then in a defective condition unreasonably dangerous when put to a reasonably anticipated use; (3) the product was used in a manner reasonably anticipated; and (4) plaintiff was damaged as a direct result of such defective condition as existed when the product was sold. *Fahy v. Dresser Industries, Inc.,* 740 S.W.2d 635, 637–638 (Mo. banc 1987) *cert. denied,* 485 U.S. 1022, 108 S.Ct. 1576, 99 L.Ed.2d 891 (1987). As to this fourth element the plaintiff must produce evidence that neither he nor any third person has made alterations to the product, which would create a defect that could be the proximate cause of the damages incurred. *Winters v. Sears, Roebuck & Co.,* 554 S.W.2d 565, 573 (Mo.App.1977). Ford does not contest the first three elements of the appellants' case for summary judgment purposes, but argues that the appellants have no evidence at all to prove the fourth element.

■ The summary judgment facts would not support a finding that alterations were not made to the C–6 transmission originally installed in the Ford or that it was still in the car at the time of the accident. The appellants, however, contend this issue should be a fact question for the jury because they can prove this element either by a presumption of the fact or through circumstantial evidence.

The appellants point to a general presumption which states "[W]here the existence at one time of a certain condition or state of things of a continuing nature is shown, the presumption arises that such condition or state continues to exist until the contrary is shown." *Missouri Power & Light Co. v. City of Bucklin*, 163 S.W.2d 561, 564 (Mo.1942). The appellants argue that since the 1971 Ford originally contained the C–6 transmission there is a presumption that the car still had this transmission, and it was in substantially the same condition, at the time of the accident. The appellants, however, fail to point out that the presumption diminishes with time until it ceases to exist or possibly is supplanted by a directly opposite inference. *Id.* In addition, this presumption does not apply to things which are not continuous in nature. *Id.* The appellants presented no summary judgment facts to support their contention that a transmission is of such a nature as to remain in a car in substantially the same condition for 15 years. Instead, they ask this court to take judicial notice of this fact.

The appellants claim it is common knowledge that transmissions last the lifetime of a car. While we will take judicial notice of facts which are common knowledge, *State v. Summers*, 489 S.W.2d 225, 229 (Mo.App. 1972), such is not the case here. Transmissions, like other parts of a car, do get replaced and repaired as evidenced by the numerous businesses that offer this service. Indeed, given the fact that there is a 12 year and 78,000 mile lapse in the history of the car the contrary is possible if not likely. Therefore, we find there is no presumption that a 15 year old car, with no mechanical history of the first 12 years of the car's life, contains the same unaltered transmission.

The appellants also allege that circumstantial evidence in the form of an expert's opinion is sufficient to make this element a jury question. The appellants' expert's opinion was that this accident was the result of a design defect in the C–6 transmission. However, the expert admitted that he based this opinion on the inapplicable presumption discussed above. The expert had no evidence whatsoever that the original transmission had not been altered or removed between 1971 and 1983 and he did not give an opinion as to this matter. Therefore, the appellant introduced no evidence to show that the car contained a C–6 transmission at the time of the accident or that if it did this transmission had not been substantially changed. Point denied.

Judgment affirmed.

STEPHAN and CRIST, JJ., concur.