DEPARTMENT OF SOCIAL SER-
VICES, DIVISION OF CHILD SUP-
PORT ENFORCEMENT, Appellant,

v.

Amy Jo RAINEZ and Robert Lewis
Rainez, Respondents.

No. WD 59731.

Missouri Court of Appeals,
Western District.

May 14, 2002.

Rebecca Jo Kovac, Prosecuting Attorney, St. Joseph, for Appellant.

Amy Jo Rainez, St. Joseph, Respondent pro se.

PAUL M. SPINDEN, Chief Judge.

The Division of Child Support Enforcement appeals the circuit court's judgment in which it denied the division's request that the court order Robert Rainez to pay child support to his minor children. The division sued after the children's mother, Amy Jo Rainez, assigned to the division "any rights to support from any other person ... [she had] in [her] own behalf or in behalf [of her two children.]" Section 208.040.2(2), RSMo 2000. The division also appeals the circuit court's failure to require Robert Rainez to obtain a health benefit plan for the children as required by § 454.603, RSMo 2000. We reverse the circuit court's judgment.

Having obtained an assignment of rights from Amy Rainez in exchange for providing state aid to her, the division sued Robert Rainez under the auspices of the Uniform Parentage Act.[1] The division

1. Sections 210.817–210.852, RSMo 2000.

sought a judicial declaration of paternity of Amy Rainez' older child who was born before the Rainezes married, an order of child support for both of her children, including medical support, and reimbursement of necessaries.

At the time of trial, Amy Rainez and Robert Rainez remained married but lived separately. Amy Rainez testified that she intended to initiate divorce proceedings later. She testified that she earned $1067 a month and was receiving state aid. She said that she could purchase medical insurance for $100 a month through her employer. She told the circuit court that Robert Rainez was capable of earning only minimum wage and changed jobs frequently.

The division submitted a Form 14 in which it calculated Robert Rainez' income at minimum wage. The division's Form 14 set Robert Rainez' presumed child support amount at $243 a month.

The circuit court declared Robert Rainez to be the father of Amy Rainez' older child and granted the division's request for reimbursement of $729 for both children's necessaries. The circuit court, however, refused the division's request that the court order Robert Rainez to pay future child and medical support. The circuit court reasoned:

> [T]he Court does not find that Sec. 208.040.2(2) *RSMo.* empowers the STATE, by virtue of Sec. 454.465.6 *RSMo.* with any additional or greater rights to seek establishment of a support order in its favor than those of the assignor, AMY. [see *Senn v. Manchester Bank of St. Louis,* 583 S.W.2d 119, at 129 (Mo., 1979)] Neither the STATE nor AMY has pleaded or proven a cause for Dissolution of Marriage, Legal Separation or Separate Maintenance pursuant to Sec. 452.130 *RSMo.* [see *Brokaw v. Brokaw,* 492 S.W.2d 859 (E.D., 1973)]. . .

> Furthermore, where, as here, there is no prayer for an Order of child custody or visitation, the Court has been unable to discover any compelling authority, and the STATE has cited it to none, which causes the Court to find that it should exercise its discretion to enter an award of child support in favor of the STATE or AMY pursuant to Sec. 210.841.3(1) *RSMo.* Of Course, Amy may avail herself of such relief by pursuing an action referenced within the preceding paragraphs. However, no such actions were maintained herein. Accordingly, under Count II of the PETITION, the Court declines to enter an award of child support of the STATE.[2]

The circuit court did not declare and apply the law correctly.

The Uniform Parentage Act establishes a comprehensive procedure for determining children's paternity and for compelling support for them, whether or not they were born in wedlock. Sections 210.822 and 210.826, RSMo 2000; *Babb v. Pfuehler,* 944 S.W.2d 331, 334 (Mo.App. 1997). Generally, the act "is now the exclusive method for adjudicating paternity in Missouri." *Anderson v. Division of Child Support Enforcement, Missouri Department of Social Services,* 995 S.W.2d 546, 548 (Mo.App.1999). The division correctly sued under the auspices of the Uniform Parentage Act.

The Uniform Parentage Act says that establishment of a parent-child relationship under the act is not dependent on marriage, § 210.818, and § 210.841.3 authorizes the circuit court to enter orders concerning support, custody, visitation, and any other matter in a child's best interest. Section 210.829.1 says any action

---

2. The emphasis, underlining and brackets appeared in the original.

brought pursuant to the act "may be joined by separate document with an action for dissolution of marriage, annulment, separate maintenance, support, custody *or* visitation."[3] "Or" indicates that the circuit court may enter an award of child support even though no action for dissolution of marriage or an annulment has been filed. Moreover, the act does not distinguish the marital status of the parents for purposes of the right to receive temporary assistance benefits pursuant to § 208.040.1(2) but conditions assistance on an "absent" parent as the standard.

Robert Rainez was an "absent" parent. He was living separately from his family, and he was not providing them with any support. His only presence in his children's lives was to visit them every other weekend. Section 208.040.1(2) authorizes benefits in cases in which children have been deprived of parental support because of a parent's continued absence from the family home and when "financial aid for such child[ren] is necessary to save the child[ren] from neglect and to secure for the child[ren] proper care in such home[s]."

Amy Rainez assigned her support rights to the division pursuant to § 208.040.2(2). Section 210.843.1 authorizes the division to seek and to enforce an order for prospective child support.

The appellate courts handed down the cases on which the circuit court relied before the General Assembly's enactment of the Uniform Parentage Act. Cases handed down since the act's enactment are consistent with our interpretation in this case. *See Shadwick v. Byrd,* 867 S.W.2d 231, 234 (Mo.App.1993) (the division "can require errant or absent parents who receive public assistance to fulfill their pa-

rental responsibilities"); *State v. Hall,* 867 S.W.2d 251 (Mo.App.1993).

We, therefore, reverse the circuit court's judgment as it relates to child support and remand with directions to the circuit court for entry of a child support award consistent with the presumed child support amount as found at trial and to consider all other necessary components, such as health care and visitation.

JAMES M. SMART, JR., Judge, and LISA WHITE HARDWICK, Judge, concur.

